**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| CHRISTOPHER MARSHALL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> GREGORY KNOWLIN, ) <br> Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No. 3:11-0568-RBH-JRM <br><br> **REPORT AND RECOMMENDATION** |

Petitioner, Christopher Marshall ("Marshall"), is an inmate with the South Carolina Department of Corrections serving a sentence of twenty-five years imprisonment for trafficking in cocaine. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 17, 2011. Respondent filed a return and motion for summary judgment on October 6, 2011. Because Marshall is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on October 7, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Marshall filed his response to Respondent's motion on November 29, 2011. Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(c) and (e).

## Background and Procedural History

On February 5, 1998, Marshall was detained at the Amtrak station in Florence, South Carolina by drug interdiction police. A subsequent search revealed in excess of 100 grams of cocaine on his person and he was charged with trafficking in cocaine.

Marshall was represented by Scott Suggs, Esquire, at a jury trial held on November 10, 1999. The record shows that prior to trial the court took evidence and ruled on Fourth Amendment claims and Marshall's competency to stand trial before the trial commenced and outside the presence of the jury. The jury found Marshall guilty.

An appeal was filed by the South Carolina Office of Appellate Defense raising the following issue:

> Whether the trial court erred in refusing to suppress cocaine seized from appellant by a consent search when the search was the product of an illegal detention without reasonable suspicion?

The conviction was affirmed by the South Carolina Court of Appeals. *See* State v. Marshall, Unpubl.Op.No. 2001-UP-012 (Ct.App. filed January 4, 2001). The Remittitur was returned on January 22, 2001.

On December 20, 2001, Marshall filed a *pro se* application for post-conviction relief ("PCR"). (App. 1). An evidentiary hearing was held on October 10, 2003. (App. 21). Marshall was represented by Michael C. Abbott, Esquire. The PCR court issued an order of dismissal on December 8, 2003. (App. 15).

A petition for writ of certiorari was filed by the Office of Appellate Defense. Marshall also filed a *pro se* motion to alter or amend the judgment in the Circuit Court. Ultimately, Marshall's *pro se* motion was denied as untimely, the Office of Appellate Defense was relieved of representation

due to allegations of ineffective assistance, and Mr. Abbott was appointed to represent Marshall on appeal. He filed a petition for writ of certiorari raising the following issues:

> I. Trial counsel was ineffective in failing to effectively argue case law to support his motion that petitioner's Fourth Amendment rights had been violated.
>
> II. Trial counsel was ineffective in failing to effectively argue case law to support his motion that petitioner's Fifth Amendment rights had been violated.
>
> III. Appellate counsel was ineffective in failing to brief the issue concerning whether or not the petitioner was competent to understand his <u>Miranda</u> warnings.

The petition for writ of certiorari was denied by the South Carolina Supreme Court on January 19, 2006. The Remittitur was returned on February 8, 2006.

Although it is not a part of the record, Marshall alleges that he filed an application for a writ of habeas corpus in the South Carolina Supreme Court which was denied on April 21, 2010. (Petition, p. 4).

## **Grounds for Relief**

In his present petition, Marshall asserts he is entitled to a writ of habeas corpus on the following grounds:

I. Violation of the Fourteenth Amendments.

> A. Petitioner avers that he was tried and convicted while incompetent, asserts claim that state by trying defendant for and convicting him of criminal offense has engaged in deprivation of Petitioner's life, liberty or property in a way prohibited by the Fourteenth Amendment, without due process of law.
>
> > 1. He asserts that he did not exhaust state remedies on this claim because he was and is mentally ill and did not know at the time of appeals that his due process

3

> rights were violated and that appellate counsel refused
> to raise the issue on appeal.

II. Petitioner claims that the trial court denied him procedural due process by failing to *sua sponte* hold hearing on competency of petitioner to stand trial when his competency was in doubt regarding petitioner's competency to stand trial.

> 1. He claims the issue was not exhausted because "counsel (appellate nor PCR would raise issue of competency to stand trial" He admits that this issue was not appealed, but claims it was raised in a "habeas corpus" petition before the South Carolina Supreme Court but was denied March 21, 2010.

III. Ineffective Assistance of Counsel - Violation of Sixth Amendment.

> A. Petitioner avers that trial counsel, appellate counsel and PCR counsel did not request a competency hearing while they were aware that petitioner's competency to stand trial was in doubt that counsel ignored facts raising a bona fide doubt regarding petitioner's competency to stand trial.

> > 1. He claims it was exhausted because he tried, but due to his mental deficiency he has had problems communicating with counselors. He also avers that counsel would not listen to his request to raise this issue.

## **Discussion**

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> > (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the

6

State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

The present petition is clearly untimely. Marshall's conviction became final while his PCR was pending, so no untolled time lapsed between the two. The statute of limitations was tolled until the return of the Remittitur following denial of the petition for writ of certiorari with respect to the PCR, February 8, 2006. Marshall had one year from that date to file his § 2254 petition. It was not filed until March of 2011, over four years after the statute of limitations had run. Marshall makes no argument in his Roseboro response concerning cause for not filing his petition on time or prejudice.

In the space for "Timeliness of Petition," Marshall states:

Sir, I am not filing pursuant to 28 U.S.C. § 2244(d) but pursuant to Title 28 § 2254(a)(d)(2)[.] Petitioner aver i[n]competence at time of trial in state court may be raised in federal court that errors of state courts are reviewable on federal habeas corpus when there has been a deprivation of constitutional rights such as to render judgment void or amount to denial of due process.

7

Petition aver that when the system has simply failed a defendant and where to continue defendant's imprisonment without review would amount to a gross miscarriage of justice.

Petitioner aver a writ of habeas corpus with issue only under circumstances where there has been a violation, which in the setting constitute denial of fundamental fairness shocking to the universal sense of justice. Petitioner aver that his appeal attempts has been long in processing that his final denial was from the Supreme Court of South Carolina denying petitioner's Habeas Corpus petition on March 31, 2010.

Thus Marshall does not suggest that there was any external cause preventing him from filing his petition on time. The filing of a state habeas petition in the South Carolina Supreme Court does not resurrect the statute of limitation. Further, Marshall does not suggest that he was mentally incapacitated and unable to file a timely petition.[1]

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
June 21, 2012

**The parties are referred to the Notice Page attached hereto.**

---

[1] Generally, a petitioner may be entitled to equitable tolling "only in cases of profound mental incapacity" such as when he is adjudged mentally incompetent or is confined to a mental health facility. Fowler v. Hall, 2009 WL 3151869 (M.D.N.C.) (quoting United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004). Further, a prisoner arguing equitable tolling on the basis of mental incapacity is required to make a particularized showing. Vinson v. Hershberger, 2010 WL 458480 (D.Md.), citing Boos v. Runyon, 201 F.3d 178, 185 (2nd Cir. 2000).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).