IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Christopher Marshall, | ) | Civil Action No.: 3:11-cv-00568-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Gregory Knowlin, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Christopher Marshall, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent filed his return, along with a motion for summary judgment. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] In the R&R, the Magistrate Judge recommends that the Court grant Respondent's motion and dismiss Petitioner's petition as untimely.

**Factual Background and Procedural History**

Petitioner was indicted on charges of with trafficking in cocaine in June 1998. He was represented by Scott Suggs at a November 10, 1999 jury trial, after which a jury found Petitioner guilty as charged. The trial court sentenced him to twenty-five years' imprisonment, and he filed a direct appeal, which was affirmed on January 4, 2001. Remittitur was issued on January 22, 2001.

On December 20, 2001, Petitioner filed a *pro se* application for post-conviction relief ("PCR"). His application raised issues related to his competency to stand trial and his counsel's ineffective assistance in presenting the issue to the trial court. Michael C. Abbott represented

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Petitioner at an evidentiary hearing that was held on October 10, 2003. The PCR court issued an order of dismissal on December 8, 2003, and a petition for writ of certiorari was timely filed. That petition, however, was denied by the South Carolina Supreme Court on January 19, 2006, and remittitur was issued on February 8, 2006.[2]

Subsequently, Petitioner filed this Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.[3] In his petition, he raises three grounds: (1) that he was tried and convicted while incompetent; (2) that the trial court erred in failing, on its own motion, to hold a competency hearing; and (3) that his trial, appellate, and PCR counsel were each ineffective for not requesting a competency hearing. He asks the Court to vacate his conviction and order a new trial, or to hold a "retro-competency hearing."

Respondent filed a return and motion for summary judgment on October 6, 2011. ECF Nos. 25, 26. He contended that Petitioner's petition is barred by the statute of limitations or, alternatively, that his claims are without merit. Petitioner, after he was given notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), filed a lengthy response but provided no sworn affidavits or evidence to support the allegations in his petition. Moreover, he failed to address Respondent's argument that the petition was barred by the statute of limitations. ECF No. 30. Subsequently, the Magistrate Judge issued an R&R, recommending that the Court grant Respondent's motion and

---

[2] In Petitioner's petition, he alleges that he filed an application for a writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court and that it was denied on March (or April) 21, 2010. Pet. 13, ECF No. 1. However, Respondent is silent on whether a filing occurred, and Petitioner produces no evidence in his response to support the allegation.

[3] Although Petitioner's petition apparently was received by the Court on March 10, 2011, he declared in his petition that it was placed in the prison's mailing system on December 8, 2010. Viewing the allegations in a light most favorable to Petitioner, the Court considers the December 8 date as the filing date. Regardless, as the Court discusses below, both dates are outside the period of limitations imposed by 28 U.S.C. § 2244(d).

2

dismiss Petitioner's petition as untimely. R&R, ECF No. 46. Petitioner filed timely objections to the R&R. Pet'r's Objs., ECF No. 50.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### **Discussion**

The Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and dismiss the petition as untimely. In his objections, Petitioner argues his petition was not timely for the following reasons:

> 1.) [His] mental illness that [he] is diagnosis with paranoid schenzofrenic behavior causes [him] to act at time other than himself,

3

unstable. 2.) [His] medication that [he] take which is Haldol and also at one time Risperdol causes [him] to sleep more often later than the average person does. 3.) Turbeville and Lee Corrections Institutions doesn't allow inmates enough time inside institutions law library. 4.) Also [his] lawyers not understanding [he] is a layman did not keep [him] inform of time limit which is a violation of [his] 14th Amendment.

Pet'r's Objs.

Petitioners in state custody "pursuant to the judgment of a [s]tate court" must comply with a one-year statute of limitations in seeking a writ habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period begins to "run from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by [s]tate action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such [s]tate action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* However, the limitation period is tolled during the pendency of properly filed state PCR proceedings "with respect to the pertinent judgment or claim." *Id.* at § 224(d)(2); *see also Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (holding that state PCR proceedings toll the limitation period "from initial filing [until] final disposition by the highest state court").

Petitioner raises his argument for the first time in his objections and did not make it in his response to Respondent's motion for summary judgment. The Magistrate Judge, therefore, did not have the opportunity to consider the argument when he made his recommendation. But even

4

considering Petitioner's argument now, the Court cannot find that Petitioner has created a genuine dispute of a material fact. *See* Fed. R. Civ. P. 56(a), (e).

Respondent contends that Petitioner's petition was untimely and that the deadline for filing his petition was March 10, 2006. Petitioner did not file his petition until December 8, 2011, at the earliest. Return & Mem. 12-13, ECF No. 25. While Petitioner alleges in his § 2254 petition that the South Carolina Supreme Court denied a petition for writ of habeas corpus in either March or April 2010, his subsequent filings make no mention of the date and he provides no evidence to support the allegation. Instead, he contends his petition is not barred for reasons relating more to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

As the Magistrate Judge notes in his R&R, Petitioner's allegations do not "suggest that there was any external cause preventing him from filing is petition on time [or] that he was mentally incapacity and unable to file a timely petition." R&R 8. Furthermore, the Magistrate Judge points out that a habeas petition in the original jurisdiction of the South Carolina Supreme Court "does not resurrect the statute of limitations"—a conclusion that Petitioner does not challenge in his objections. *Id.*

The Court, therefore, is left to rely only on Petitioner's statements of fact in his objections. The unsupported statements, however, are insufficient show the existence of a genuine dispute of material fact. Without evidence controverting Respondent's evidence that shows Petitioner filed his § 2254 petition almost five-years too late, dismissal of Petitioner's petition is appropriate. The Court, therefore, finds no error in the Magistrate Judge's recommendation.

5

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment is **GRANTED**; and, therefore, that Petitioner's § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

August 7, 2012
Florence, SC

August 7, 2012
Florence, SC