IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Christopher Marshall, #254127, | ) | Civil Action No.: 3:11-568-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Gregory Knowlin, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's "Motion for Rule 59(e)," which the Court construes as a motion to reconsider its Order filed on August 7, 2012, and granting Respondent's motion for summary judgment. ECF No. 51. Petitioner asks that the Court address each issue in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, preserving them for further review.

Motions under Rule 59 of the Federal Rules of Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Petitioner's petition was dismissed as untimely. Not only does he fail to address this Court's basis for dismissing his petition, but the issues he raises were issues he raised or could have raised before this Court's order. Therefore, having reviewed the filings related to this motion, the Court concludes that the motion presents neither new controlling law nor new evidence, and it does not point out a clear legal error of this Court. Therefore, the Petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 12, 2012
Florence, South Carolina